IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Brandi Poole, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| Credit Bureau of Napa County, Inc., d/b/a Chase Receivables, a California corporation, | ) ) ) ) | **1:12-cv-0187 RLY-DKL** |
| | ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Brandi Poole, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection letter violates the FDCPA, and to recover damages for this violation, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

### PARTIES

3. Plaintiff, Brandi Poole ("Poole"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom the Defendant attempted to collect a delinquent consumer debt allegedly owed to Montgomery Wards - DMS.

4. Defendant Credit Bureau of Napa County, Inc., d/b/a Chase Receivables ("Chase"), is a California corporation that acts as a debt collector, as defined by § 1692a

1

of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, Chase was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Poole.

## FACTUAL ALLEGATIONS

5. Defendant Chase sent Ms. Poole an initial form collection letter, dated May 5, 2011, demanding payment of a delinquent consumer debt owed to Montgomery Wards - DMS. The letter stated, in pertinent part:

\* \* \*

> UNLESS YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION OF IT, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST OF THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

\* \* \*

A copy of this letter is attached as Exhibit A.

6. All of Defendant Chase's collection actions at issue in this matter occurred within one year of the date of this Complaint.

7. Defendant Chase's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

2

## COUNT I
## Violation Of § 1692g –
## Ineffectively Conveying
## The 30-Day Validation Notice

8. Plaintiff adopts and realleges ¶¶'s 1-7.

9. Section 1692g(a)(3) of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, the Defendant provide the consumer with an effective validation notice, i.e., notice that the consumer has 30 days after receipt of the notice to dispute the validity of the debt, or any portion of the debt, and seek verification of it.

10. Here, although Defendant Chase's initial collection letter (Exhibit A) contains a notice required by § 1692g(a)(3) of the FDCPA, that notice was not effectively conveyed, or rendered ineffective, by other language in that letter. Specifically, Defendant's statement that Ms. Poole must notify Chase "IN WRITING" if she disputes the validity of the debt ineffectively conveys the 30-day validation notice because an oral dispute is also effective. Defendant Chase's form collection letter thus violates § 1692g(a)(3) of the FDCPA. See, Camacho v. Bridgeport Financial, Inc., 430 F.3d 1078, 1082 (9th Cir. 2005).

11. Defendant Chase's violation of § 1692g(a)(3) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
## Violation of § 1692e --
## False Statement

12. Plaintiff adopts and realleges ¶¶'s 1-7.

3

13. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt. Defendant's statement that Ms. Poole must notify it "IN WRITING" if she disputes the validity of the debt is false, deceptive or misleading, in violation of §1692e of the FDCPA because § 1692g(a)(3) of the Statute does not require such a dispute to be in writing, since oral disputes are also valid.

14. Defendant's violation of § 1692e of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. (See, 15 U.S.C. § 1692k).

## PRAYER FOR RELIEF

Plaintiff, Brandi Poole, prays that this Court:

1. Find that Defendant's form collection letter violates the FDCPA;

2. Enter judgment in favor of Plaintiff Poole, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Brandi Poole, demands trial by jury.

Brandi Poole

By: _____
One of Plaintiff's Attorneys

Dated: February 14, 2012

4

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Steven J. Halbert    (Ind. Bar No. 14254-02)
11805 N. Pennsylvania Street
AmeriCenters Building
Carmel, Indiana 46032
(317) 706-6762
(317) 706-6763 (FAX)
shalbertlaw@aol.com

1247 Broadway
Sonoma, CA 95476

**PERSONAL & CONFIDENTIAL**

Address Service Requested

BRANDI POOLE

**CHASE RECEIVABLES**
A Professional Collection Agency
800-622-0484

PLEASE CALL BETWEEN
Monday-Friday 6:00am to 6:00pm PST
Saturday 6am to 2:30pm PST

May 5, 2011

**RE: MONTGOMERY WARDS - DMS**

Chase#
**TOTAL BALANCE: $ 350.33**

HABLAMOS ESPANOL
THIS DEBT HAS BEEN REFERRED TO THIS OFFICE FOR COLLECTION.
THE RECORDS OF THE ABOVE NAMED CREDITOR SHOW THAT THIS DEBT IS
*** PAST DUE ***

WE ARE PROUD OF OUR REPUTATION BY TREATING PEOPLE WITH THE UTMOST RESPECT AND COURTESY
CHECK IT OUT, CALL US.
UNLESS YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION OF IT, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST OF THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.
THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
You can go through our Automation System to submit a Credit Card Payment by calling (888)483-6153. If you would like to submit a dispute you can go to WWW.CHASEREC.COM.

---

DETACH AND RETURN THIS PORTION WITH YOUR PAYMENT.

Home Phone: _____    Work Phone: _____
**PAY ON LINE www.chaserec.com/paymethod.php**
To access your account online use the following PIN# 36446
Payment Methods Available: Credit Card, Electronic Payments over the phone, Post-Dated Electronic Payments, Money Orders, Certified Checks, Western Union-(City Code=Chase Receivables, Score CA.)

MONTGOMERY WARDS - DMS                    BRANDI POOLE

Chase#
CHASE RECEIVABLES
1247 BROADWAY
SONOMA CA 95476                            AMOUNT: $ 350.33

**EXHIBIT A**